IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-35-BO

MARGARET PARKER,                )
                                )
        Plaintiff,               )
                                )
v.                              )       O R D E R
                                )
                                )
CRAVEN COUNTY, NORTH            )
CAROLINA,                       )
                                )
        Defendant.               )

This matter is before the Court on the defendant's motion to dismiss. [DE 12]. Plaintiff has responded in opposition and the matter is ripe for disposition. For the reasons that follow, defendant's motion to dismiss [DE 12] is DENIED.

BACKGROUND

In 1991, plaintiff was hired by defendant, Craven County, to join the Department of Tax Collections. [DE 1, ¶ 16]. In November 2017, plaintiff's job title was Deputy Tax Collection Clerk III, which she alleges was the highest rank in the county's Department of Tax Collections. *Id.* ¶ 19. Plaintiff alleges that she had a history of positive performance reviews, had never been subject to disciplinary action, and had a wide range of responsibilities within the department. *Id.* ¶¶ 20–22.

On November 28, 2017, plaintiff received an email from her supervisor, Mr. Ronnie Antry, announcing the creation of a new position with the Department of Tax Collections: Tax Collection Manager. *Id.* ¶ 23. In that same email, Mr. Antry announced that the new position would be filled by Ms. Cindy Glover. *Id.*

Plaintiff, who is a black woman and was 61 years old in November 2017, alleges that Ms. Glover joined the Department of Tax Collections in January 1999. *Id.* ¶¶ 24; 51; 58. Ms. Glover, a white woman who was allegedly under the age of 40 in November 2017, is also alleged to have been a Deputy Tax Collection Clerk I at the time she was promoted to the new position of Tax Collection Manager. *Id.* ¶¶ 23; 24; 63. Plaintiff alleges that there was significant overlap between her responsibilities as a Deputy Tax Collection Clerk III and the responsibilities of the new Tax Collection Manager, with the latter position paying an additional $15,000. *Id.* ¶¶ 27–28.

Plaintiff contends that defendant did not announce or advertise the new position, did not conduct any internal or external recruiting process, did not provide anyone other than Ms. Glover with the opportunity to apply for the new position, and violated its own hiring and recruitment policies in selecting Ms. Glover. *Id.* ¶¶ 29–30; 34–38. Plaintiff alleges that the Tax Collection Manager job description states a preference for a four-year college degree or an associate's degree; plaintiff has bachelor's degree in accounting and alleges that Ms. Glover does not. *Id.* ¶¶ 27; 32–33. Plaintiff argues that she was more qualified than Ms. Glover for the Tax Collection Manager position and would have applied for it had she been given the opportunity. *Id.* ¶¶ 31–32.

In December 2017, plaintiff filed a formal grievance with defendant over its failure to promote her to the new position of Tax Collection Manager. *Id.* ¶¶ 39–40. Plaintiff met with Mr. Antry and was informed that she was not chosen for the new position because defendant wanted to "fill this role for the next four years." *Id.* ¶ 40. A grievance hearing was held in January 2018 before the County Manager, Mr. Jack Veit, and the HR director, Ms. Amber Parker. *Id.* ¶ 42. Mr. Veit then sent a letter to plaintiff reiterating the finality of his decision to hire Ms. Glover but providing no additional explanation. *Id.* ¶ 45. Plaintiff filed her formal charge with the Equal

Employment Opportunity Commission (EEOC) in March 2018, alleging race and age discrimination, and received her right-to-sue letter in December 2018. *Id.* ¶¶ 46–49.

In March 2019, plaintiff initiated the instant action, bringing two causes of action. [DE 1]. First, plaintiff alleges that defendant discriminated against her on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. ¶¶ 2000e, *et seq. Id.* ¶¶ 50–56. Second, plaintiff alleges that defendant discriminated against her on the basis of her age in violation of the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. §§ 621, *et seq. Id.* ¶¶ 57–64. Specifically, plaintiff alleges that defendant's failure to promote her to the new position of Tax Collection Manager in November 2017 was attributable to her race and her age.

In May 2019, defendant moved to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. [DE 12]. Defendant argues that plaintiff has failed to allege sufficient facts to demonstrate that defendant's failure to promote her to the new position of Tax Collection Manager was the result of race or age discrimination. *Id.* Plaintiff has responded in opposition to dismissal. [DE 17].

## DISCUSSION

Defendant has moved to dismiss plaintiff's claims for failure to state a claim upon which relief can be granted under Rule 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action

with the support of conclusory statements does not suffice. *Iqbal*, 556 U.S. at 678. The Court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

The parties agree that the elements of plaintiff's failure to promote claim, premised on disparate treatment, is the same under both Title VII and the ADEA. To state a claim for failure to promote, plaintiff must plausibly allege (1) that she is a member of a protected class; (2) that her employer had an open position for which she applied; (3) that she was qualified for the position; and (4) that she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *Taylor v. Va. Union Univ.*, 193 F.3d 219, 230 (4th Cir. 1999) (en banc). But when, as here, the plaintiff was unaware of the availability of a new position, "requiring the plaintiff to show that he or she applied for the specific job at issue would be unrealistic." *Williams v. Giant Food Inc.*, 370 F.3d 423, 431 (4th Cir. 2004). Indeed, when "the employer fails to make its employees aware of vacancies, the application requirement may be relaxed and the employee treated as if she had actually applied for a specific position." *Id.*

The Court finds that plaintiff satisfies the criteria that the Fourth Circuit provided in *Taylor* for stating a failure-to-promote claim. Plaintiff, who alleges that she was a 61-year-old African-American woman at the time defendant announced that Ms. Glover would be the new Tax Collection Manager, was a member of two protected classes. Defendant concedes as much. Plaintiff alleges that defendant did not make her or other employees aware of the new position, but that she would certainly have applied if she had known of the position. This is sufficient to satisfy the relaxed second element of a failure-to-promote claim. Plaintiff was clearly qualified for the position, given the high rank she held in the Department of Tax Collection, her college degree in

4

accounting, and her 26 years of experience. Defendant does not contend otherwise. At issue, then, is whether plaintiff has alleged sufficient facts to give rise to an inference of unlawful discrimination. The Court finds that she has.

In November 2017, plaintiff was a 61-year-old black woman with a college degree and 26 years of experience in the Craven County Department of Tax Collections, where she occupied the highest rank of Clerk III. At that time, taking plaintiff's allegations as true, defendant announced the creation of a new position—Tax Collection Manager—and immediately filled it with a white woman, Ms. Glover, who had fewer years of experience, occupied the rank of Clerk I, was under the age of 40, and did not have a four-year college degree.

Defendant argues, effectively, that plaintiff has not established causation. In other words, defendant argues that while plaintiff has alleged sufficient facts to generate a *possible* inference of race or age discrimination, she has not alleged sufficient facts to generate a *plausible* inference. The Court disagrees. Plaintiff has adequately alleged that she had been at the Department of Tax Collections longer than Ms. Glover, had been previously promoted from Clerk I (Ms. Glover's role) to Clerk III, had a range of job responsibilities that were closely related to the new responsibilities of the Tax Collection Manager, had uniformly positive performance reviews, and had superior educational credentials (in line with the new position's job description). Despite all this, plaintiff was not even given the opportunity to apply for the new position, which defendant— in alleged violation of its own hiring policies—instead filled with a much younger white woman. Plaintiff has alleged sufficient facts to give rise to the *plausible* inference that defendant unlawfully discriminated against her on the basis of her race and age in failing to promote her to Tax Collection Manager.

5

In sum, plaintiff has alleged sufficient facts to state claims for race and age discrimination, under Title VII and the ADEA, upon which relief may be granted. Defendant's motion to dismiss is, therefore, denied.

## CONCLUSION

For the above reasons, defendant's motion to dismiss [DE 12] is DENIED.

SO ORDERED, this 2 day of July, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE